**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LAURA HOFFMAN, an individual,

                                              CASE NUMBER:

      Plaintiff,

v.

CACTUS SKY COMMUNICATIONS, INC. and
PETER MARTIN, Individually,

      Defendants.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, LAURA HOFFMAN ("Plaintiff"), sues Defendants, CACTUS SKY COMMUNICATIONS, INC. and PETER MARTIN, Individually (collectively "Defendants"), for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), to redress Defendants' unlawful employment practices and states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.       Plaintiff, Laura Hoffman, is an adult resident of Manatee County, Florida and, at all times material hereto, was an employee of Defendants within the meaning of the FLSA.

2.       Defendant, CACTUS SKY COMMUNICATIONS, INC., is a Florida For Profit Corporation with its principal offices located at 5454 Lena Road, Suite 104, Bradenton, Florida 34211.  Defendant, CACTUS SKY COMMUNICATIONS, INC., is a digital marketing agency that provides database cleaning and management, web design, social media marketing, email marketing, public relations, press releases, online advertisement, and business listing management.

3.       Defendant, PETER MARTIN, is the owner and President of Defendant, CACTUS SKY COMMUNICATIONS, INC.  Mr. Martin supervised and regularly directed the work of the

Feldman Law Group, PA | 1715 North Westshore Boulevard, Suite 400 | Tampa | Florida | 33607 | PH (813) 639-9366

Plaintiff during the relevant time period and is an employer under the FLSA.  *See In re Van Diepen, P.A.*, 236 Fed. Appx. 498, 12 Wage & Hour Cas. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

4.      The FLSA defines "employer" as any "person" acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).  *See also Boucher v. Shaw*, 572 F.3d 1087, 1090 (9th Cir. Nev. 2009) (the definition of "employer" under the [FLSA] is not limited by the common law concept of "employer," but is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes).  Defendants, CACTUS SKY COMMUNICATIONS, INC. and PETER MARTIN are employers under the FLSA.

5.      This Court has subject matter jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1331 because this action involves federal questions.

6.      Venue is appropriate in this Court and in this District pursuant to 28 U.S.C. §1391 (b) because the Defendants are located in Manatee County, Florida.

7.      Furthermore, the acts complained of occurred in Manatee County, Florida, as they took place at Defendants' business located at 5454 Lena Road, Suite 104, Bradenton, Florida 34211 where Plaintiff was employed and from where her work was directed.

8.      Defendants qualify for and are subject to both traditional and enterprise coverage under the FLSA for all the relevant time periods contained in this Complaint.  Said differently, Defendants are subject to the FLSA.

9.      Defendants are subject to enterprise coverage under 29 U.S.C. Sec. 203(s)(1) because they have employees that are engaged in commerce and its employees are handling, selling, or otherwise working on good or materials that have been moved in or produced for commerce by a person.

Feldman Law Group, PA | 1715 North Westshore Boulevard, Suite 400 | Tampa | Florida | 33607 | PH (813) 639-9366

10.     During the times relevant to this Complaint, Defendants generated more than $500,000.00 in revenues in each of the three years preceding the filing of this action.

11.     At all times relevant to this Complaint, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

## GENERAL ALLEGATIONS

12.     Plaintiff was employed by Defendants as a copywriter and editor from on or about September of 2013 until May 19, 2014.

13.     Plaintiff's primary duties as a copywriter and editor was to write articles for the purpose of email marketing and advertising.

14.     As a copywriter and editor Plaintiff was paid a starting salary of $26,000.00 and, at the time of her termination, was paid an annual salary of $32,000.00.

15.     Plaintiff was required to and did work in excess of 55 hours per week and was not paid overtime.

16.     If Plaintiff worked less than 40 hours per week during any given week Defendant, Peter Martin, docked Plaintiff's pay and reduced her salary for that week.

17.     Defendants provided Plaintiff with a company laptop computer and Defendant, Peter Martin, regularly gave Plaintiff projects and tasks to complete after regular business hours and on the weekends which Plaintiff was required to complete.

18.     Plaintiff regularly worked during the evenings and on weekends and Defendants were aware that Plaintiff was working during the evening and on weekends.

19.     In her position as a copywriter and editor Plaintiff did not have the ability to hire or fire other employees.

Feldman Law Group, PA | 1715 North Westshore Boulevard, Suite 400 | Tampa | Florida | 33607 | PH (813) 639-9366

20.     Plaintiff had no authority to make independent decisions on matters that affected the business as a whole or any significant part of the business.

21.     Plaintiff did not have the authority to promote employees, determine their pay rates or benefits, or give raises.  Plaintiff was unable to make personnel decisions.

22.     Although Plaintiff routinely worked in excess of forty (40) hours per week, and Defendants were aware that she was working overtime, Defendants failed to compensate Plaintiff at a rate of one and one half her regular rate of pay for all of the hours that she worked over forty (40) in a week.

23.     As a result of Defendants' violations of the FLSA, Plaintiff was illegally and grossly under-compensated for her work.

24.     Evidence reflecting the precise number of overtime hours worked by Plaintiff is in the records of Defendants.  If these records are unavailable, Plaintiff may establish the hours she worked solely by her testimony and the burden of overcoming such testimony shifts to the employer.  *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

25.     Defendant, Peter Martin, at different times during her employment classified Plaintiff as a salaried employee and an hourly employee.

26.     On May 19, 2014, Defendants terminated Plaintiff from her employment with Defendants.

27.     Plaintiff has been damaged as a direct and proximate result of Defendants' illegal conduct.

28.     As a result of the foregoing, Plaintiff has had to retain the services of the undersigned counsel and has agreed to pay said counsel's reasonable attorney's fees.

Feldman Law Group, PA | 1715 North Westshore Boulevard, Suite 400 | Tampa | Florida | 33607 | PH (813) 639-9366

**COUNT I**
**Overtime Compensation Due Under the FLSA**
**29 U.S.C. § 201 *et seq.***
**(Against All Defendants)**

29.     Plaintiff re-alleges paragraphs one (1) through twenty eight (28) as if fully set forth in this Count.

30.     As all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

31.     As all relevant times, Defendants failed to properly pay Plaintiff for the hours she worked over forty (40) in a work week.

32.     Defendants required Plaintiff to work in excess of forty (40) hours per workweek on a consistent basis and did not pay her time and one half her regular rate of pay for that time.

33.     Plaintiff worked on average fifty-five (55) hours per week during her employment with Defendants.

34.     Defendants have a policy and practice of refusing or failing to pay overtime compensation owed to its employees.

35.     Defendants' failure to pay Plaintiff overtime compensation at a rate no less than time and a half is a violation of the FLSA, in particular 29 U.S.C. §207.

36.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

37.     Due to Defendants' FLSA violations, Plaintiff has suffered damages and is entitled to recover from the Defendants the unpaid overtime compensation and an additional amount equal as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiff requests this Honorable Court to:

Feldman Law Group, PA | 1715 North Westshore Boulevard, Suite 400 | Tampa | Florida | 33607 | PH (813) 639-9366

A.   Award Plaintiff overtime compensation for all the previous hours worked over forty (40) hours that she did not receive at least one and one-half time compensation in any given week since the start of her employment AND liquidated damages of an equal amount;

B.   That the Court find Defendants joint and severally liable in violation of the overtime compensation provisions of the FLSA (i.e. 20 U.S.C. §207) and that the Court find the Defendants' violation of the FLSA to be willful;

C.   An order awarding Plaintiff attorneys' fees and costs pursuant to §216 of the FLSA; and

D.   Any other legal and equitable relief this Court deems appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated:  January 22, 2016.

Respectfully submitted by,
*/s/ Dennis A. Creed*
Dennis A. Creed, III, Esq.
Florida Bar No. 0043618
Joseph Odato, Esq.
Florida Bar No. 0086201
Feldman Law Group, P.A.
1715 North Westshore Boulevard, Suite 400
Tampa, Florida 33607
Telephone: (813) 639-9366
Fax: (813) 639-9376
Email: dcreed@ffmlawgroup.com
Email: jodato@ffmlawgroup.com
*Attorneys for Plaintiff, Laura Hoffman*